■ In the Matter of ELZA YADGAROVA, Appellant, v YAACOV CHAI YONATANOV, Respondent. (Appeal No. 1.) In the Matter of YAACOV CHAI YONATANOV, Respondent, v ELZA YADGAROVA, Appellant. (Appeal No. 2.) [41 NYS3d 66]—

Appeals by the mother from two orders of the Family Court, Kings County (Robert D. Mulroy, J.), both dated August 20, 2015, and an order of that court dated August 24, 2015. The first order dated August 20, 2015, after a hearing, dismissed the mother's custody petition for lack of subject matter jurisdiction. The second order dated August 20, 2015, directed the mother to produce the subject child in court. The order dated August 24, 2015, directed the mother to turn over the subject child to the custody of the father, in accordance with a June 16, 2015, custody order of the Superior Court of California, County of Los Angeles.

Ordered that the appeals are dismissed as academic, without costs or disbursements.

The parties have one child together. They resided together in Los Angeles, California, until December 2014, when the mother came to New York with the child. The mother filed a petition in the Family Court seeking custody of the child and obtained a temporary order of custody. The mother conceded that California was the child's home state, but argued that the Family Court should exercise temporary emergency jurisdiction pursuant to Domestic Relations Law § 76-c. The father filed a custody petition in the Superior Court of California, County of Los Angeles (hereinafter the California court), and moved in the Family Court to dismiss the mother's custody petition. On May 26, 2015, the California court entered an order finding that it

had jurisdiction over custody matters. In an order dated June 16, 2015, the California court awarded sole custody to the father. The father made an application in the Family Court for registration of the June 16, 2015, California order. The Family Court communicated with the California court pursuant to Domestic Relations Law § 76-c (4), and then held a hearing on the issue of whether it had a basis to exercise temporary emergency jurisdiction. After the hearing, the Family Court determined that the mother had not established a basis to invoke temporary emergency jurisdiction and, in an order dated August 20, 2015, dismissed the mother's petition for lack of subject matter jurisdiction. In a second order dated August 20, 2015, the Family Court directed the mother to produce the child in court. Thereafter, in an order dated August 24, 2015, the Family Court directed the mother to turn over the child to the custody of the father in accordance with the June 16, 2015, California order. The mother appeals. Subsequently, the child was released to the father, and the father and the child returned to California.

The assertion of temporary emergency jurisdiction over custody matters requires, among other things, that the child be present in this State (see Domestic Relations Law § 76-c [1]; *Matter of Wilda C. v Miguel R.*, 136 AD3d 597, 598 [2016]). Since the child is no longer present in this State, even if the Family Court had a basis to exercise temporary emergency jurisdiction at the time it issued the orders appealed from, it no longer has jurisdiction to entertain the mother's custody petition. Therefore, the rights of the parties will not be directly affected by the determination of the appeals from the order dismissing the mother's custody petition, the order directing the mother to produce the child in court, or the order directing the mother to turn over the child to the custody of the father (see *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Under these circumstances, we dismiss the appeals as academic (see *Matter of Bryant v Blackman*, 72 AD3d 958 [2010]). Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.